UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER KOGLER,<br><br>Plaintiff,<br><br>v.<br><br>MARTEN TRANSPORT Ltd., et al., ,<br><br>Defendants. | Case No. 3:26-cv-05099-TMC<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

This action arises from an accident that occurred in Oregon, in the southbound lane of the Glenn L. Jackson Memorial Bridge, on February 23, 2023. Dkt. 16, ¶¶ 3.1–3.2. Plaintiff Christopher Kogler alleges that Defendant Alexander Lopez rear-ended him while driving across the bridge. *Id*. He brings a negligence claim against Lopez and his employer, Defendant Marten Transport. *Id.* ¶ 4.1.

On May 1, 2026, Defendants moved to dismiss Kogler's complaint, arguing principally that (1) the Court lacks specific personal jurisdiction over Lopez, and (2) Oregon law governs this case, making it time-barred under Oregon's two-year statute of limitations. Dkt. 9. For the following reasons, Defendants' motion is DENIED.

## II. BACKGROUND

Kogler alleges that, on February 23, 2023, he was driving a semi-trailer truck for his employer, Harbor Wholesale Grocery, in snowy and icy conditions. Dkt. 16, ¶ 3.1. Traffic was moving more slowly than normal, and Kogler was driving with his hazard lights flashing and chains on his tires. *Id*. Lopez, a California resident, was driving a semi-trailer truck for his employer, Marten Transport, directly behind Kogler. *Id.* ¶¶ 1.3, 3.2–3.3. Approximately .5 miles after crossing from Washington into Oregon, Lopez crashed into Kogler's truck. *Id.* ¶ 2.3. Lopez did not have chains on his tires. *Id.* ¶ 3.2.

Kogler further alleges that Lopez had been working in Washington for an undetermined period before the collision and stayed overnight in Washington the preceding night. *Id.* ¶ 2.2. While in Washington, Lopez failed to equip his truck with tire chains or "otherwise ensure safe operation of his vehicle." *Id.* ¶ 2.7.

## III. LEGAL STANDARDS

### A. Rule 12(b)(2)

"Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (citing Fed. R. Civ. P. 4(k)(1)(A)). "Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits." *Microsoft Corp. v. Commc'ns & Data Sys. Consultants, Inc.*, 127 F. Supp. 3d 1107, 1113 (W.D. Wash. 2015) (citing *Byron Nelson Co. v. Orchard Mgmt. Corp.*, 95 Wn. App. 462, 465, 975 P.2d 555 (1999)). Accordingly, "the jurisdictional analysis under state law and federal due process are the same." *Id.* (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004)).

Under federal law, personal jurisdiction over a defendant satisfies due process if they "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "[T]here are two forms that personal jurisdiction may take: general and specific." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Defendants' motion to dismiss challenges this Court's specific jurisdiction over Lopez. Dkt. 9 at 4.

The Ninth Circuit applies a three-prong test to determine whether an out-of-state defendant had sufficient contacts with the forum state to be subject to specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1161–62 (9th Cir. 2023) (quoting *Schwarzenegger*, 374 F.3d at 802). The plaintiff bears the burden of establishing the first two prongs. *CollegeSource, Inc.*, 653 F.3d at 1076.

The first prong "incorporates two distinct concepts—'purposeful direction' and 'purposeful availment.'" *Davis*, 71 F.4th at 1162. A defendant has purposefully directed activities toward a forum state if they "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 1162–63 (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006)). Purposeful availment exists when a defendant "deliberately reached out beyond [its] home—by, for example, exploiting a market in the forum

State or entering a contractual relationship centered there." *Id.* at 1163 (alteration in original) (quoting *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503 (9th Cir. 2023)).

**B. Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In reviewing a motion to dismiss, the Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (citation omitted), but it is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (citation omitted).

## IV. DISCUSSION

### A. The Court has personal jurisdiction over Lopez.

Defendants argue that the Court does not have personal jurisdiction over Lopez because the complaint pleads no Washington contacts—no purposeful availment, no acts directed at Washington, and no injuries arising from Washington-based conduct. Dkt. 9 at 4. The Court disagrees. Kogler alleges that, before and leading up to the accident, Lopez was in Washington to work for a company registered to do business in Washington. Dkt. 16 ¶¶ 1.2; 1.3; 2.2. He also alleges that Lopez made actions and omissions in Washington that led to the injuries underlying this case, such as failing to equip his vehicle with tire chains or safely remove his vehicle from the roadway any time prior to the collision. *Id.* ¶ 2.7. At the motion to dismiss stage, accepting all factual allegations as true, Kogler has sufficiently pleaded personal jurisdiction.

### B. Venue is proper.

Defendants dispute venue in Clark County Superior Court but do not explain why federal venue is improper after they removed the case to federal court. Dkt. 9 at 3.

Under Washington law, a personal-injury action may be brought in the county where the cause of action, or some part thereof, arose. RCW 4.12.020(3). Plaintiff alleges that Lopez engaged in negligent conduct while driving through Washington before the collision, potentially supporting venue in Clark County. Dkt. 16, ¶¶ 2.3, 2.7. But venue in a removed federal action is governed by 28 U.S.C. § 1441(a), which directs that "the proper venue of a removed action is the district court . . . embracing the place where such action is pending." *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953). Because Defendants removed this action from Clark County Superior Court to the Western District of Washington, *see* Dkt. 1, the federal district embracing that court, venue is proper under § 1441(a), regardless of whether Clark County was a proper venue under state law.

**C. Washington law governs this case.**

Defendants argue that Oregon law governs this suit. Dkt. 9 at 5–8. Kogler argues that Washington law applies. Dkt. 17 at 16. In diversity actions, federal courts apply the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941). Under Washington's choice-of-law rules, Washington substantive law presumptively applies unless an actual conflict exists between Washington law and the law of another interested state. *Woodward v. Taylor*, 184 Wn.2d 911, 917, 366 P.3d 432 (2016). An actual conflict exists when the laws of the interested states differ in a manner that could affect the outcome of the case. *Id.* If no actual conflict exists, Washington law applies without further analysis. *Id.* If an actual conflict exists, Washington courts apply the most-significant-relationship test set forth in the Restatement (Second) of Conflict of Laws §§ 6 and 145–46 to determine which state's substantive law governs a tort claim. *Id.* at 918. "A difference between two states' statutes of limitations may not be the basis for finding an actual conflict of law." *Id.* at 919.

Defendants argue there is an actual conflict of laws between Washington and Oregon's laws relating to (1) maximum speed, (2) righthand lane of travel, (3) tire chains, (4) maintaining a proper lookout, and (5) comparative negligence. Dkt. 9 at 6–8. Plaintiff argues that there is no actual conflict of laws. Dkt. 17 at 16–20.

There is no actual conflict between Washington and Oregon substantive law as applied to the pleaded facts of this case. The Court addresses each potential conflict of law below:

- **Speed:** Washington law prohibits driving faster than is reasonable and prudent under existing conditions and requires reducing speed when weather or roadway hazards warrant it. RCW 46.61.400(1), (3). Oregon law similarly requires driving at a reasonable speed, considering traffic, weather, visibility, and road conditions. Or. Rev. Stat. ("ORS") § 811.100. Defendants argue it is material that Washington's posted speed limit was 60 miles per hour, while Oregon's was 55 miles per hour. Dkt. 9 at 7. But Plaintiff alleges that traffic was going slower than usual, and Lopez drove too fast for the hazardous conditions, not that he exceeded either state's posted speed limit. Dkt. 16 ¶ 4.1.

- **Righthand lane of travel:** Both states prohibit driving so slowly as to impede traffic but exempt reduced speed as necessary for safety. *Compare* RCW 46.61.425(1), *with* ORS § 811.130. Oregon additionally requires drivers traveling below the normal speed of traffic to use the right-hand lane, ORS § 811.315, and requires slower drivers to yield to overtaking vehicles under specified circumstances, ORS § 811.425. Defendants rely on those distinctions, asserting that Plaintiff "suddenly and drastically" slowed to six miles per hour without using the far-right lane. Dkt. 9 at 6–7. Plaintiff disputes this account, alleging that vehicles in the right lanes were driving even more slowly, and Lopez had an open passing lane. Dkt. 17 at 2. Given the alleged severe weather and the fact that ORS § 811.425 only applies to a two-lane highway without an available passing lane—not the multi-lane highway at issue here—Oregon's lane-use laws do not create an actual conflict as applied to the facts here.

- **Tire chains:** Washington and Oregon have different regulatory requirements about tire chains. *Compare* the Wash. Admin. Code ("WAC") § 204-24-050, *with* ORS § 815.140. Defendants emphasize the differences, including that Washington sometimes requires tire chains in circumstances where Oregon law does not. Dkt. 9 at 7. But Kogler expressly disclaims alleging a statutory chain-law violation. Dkt. 17 at 20. His theory is that Lopez failed to exercise reasonable care by operating without chains in hazardous conditions, including while traveling through Washington before the collision. Dkt. 16 ¶¶ 2.7, 4.1. Because both states impose a general duty of reasonable care, the different chain regulations do not create an actual conflict on the facts here.

- **Lookout and following distance:** Defendants argue that Washington imposes a stricter lookout requirement than Oregon, pointing the Court to the Washington Pattern Jury Instructions ("WPI") 70.04 and the Oregon Uniform Civil Jury Instructions ("UCJI") 35.04. Dkt. 9 at 7. But both states require drivers to maintain a lookout reasonable under the circumstances, *compare* WPI 70.04, *with* UCJI 35.04, and prohibit following another vehicle more closely than is reasonable and prudent given traffic and roadway conditions, *Compare* RCW 46.61.145, *with* ORS § 811.485. Although the duties may be expressed differently, Defendants do not sufficiently explain how the distinction would change the assessment of Lopez's alleged failure to lookout and stop for Kogler's truck.

- **Comparative negligence:** Unlike the preceding provisions, the states' comparative-negligence rules differ in a potentially material respect. Washington follows pure comparative fault, reducing damages proportionate to a plaintiff's fault without barring the plaintiff's recovery. RCW 4.22.005. Oregon follows the modified comparative fault approach, barring recovery when a plaintiff's fault exceeds the combined fault of the other relevant parties. ORS § 31.600. Defendants argue that Kogler contributed to the collision by abruptly slowing to six miles per hour while outside the far-right lane. Dkt. 9 at 7. Therefore, if Kogler were found to be more than fifty percent at fault, Oregon law would bar recovery where Washington law would not.

> But Washington law requires an outcome-determinative conflict under the facts presented. *Woodward*, 184 Wn.2d at 920. The complaint alleges that Kogler was driving slowly with hazard lights and tire chains due to snowy and icy conditions, and Lopez struck him from behind after failing to stop. "Under these facts, which we take as true" at this stage, "it is almost inconceivable that a jury could assign more fault to [Kogler] than to [Lopez]. Thus, the result under either state's laws would be the same—[Lopez] is liable to [Kogler]." *Id*. at 923.

While Washington and Oregon laws differ in certain respects, the "differences do not create an actual conflict." *Id*. at 922. Therefore, "this court does not reach the most significant relationship test, and Washington's substantive law applies to [Kogler's] negligence claim." *Id*. at 923.

Under Washington law, the statute of limitations for a negligence claim is three years. RCW 4.16.080(2). Because the collision occurred on February 23, 2023, and Kogler filed suit on January 8, 2026, the action is timely under Washington law. Dkt. 16 ¶ 3.1; Dkt. 1-2.[1]

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss. Dkt. 9.

Dated this 28th day of October, 2026.

Tiffany M. Cartwright
United States District Judge

[1] Kogler's complaint also alleges this Court has jurisdiction over the dispute because "Washington and Oregon have concurrent jurisdiction over the Columbia River, including on bridges that cross the Columbia River," which Defendants dispute. Dkt. 16 ¶ 2.4; Dkt. 22 at 3. However, for the reasons discussed herein, the Court need not reach that issue.